UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL A. SMITH,

    Petitioner,

v.

STATE OF WASHINGTON,

    Respondent.

CASE NO. 3:19-CV-6240-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: May 8, 2020

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Michael A. Smith filed his federal habeas Petition in December 2019 pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkt. 3.

The Court concludes Petitioner failed to properly exhaust his state court remedies as to all grounds raised in the Petition; however, a state remedy remains available to Petitioner. Therefore, the Court recommends the Petition be dismissed without prejudice. The Court also recommends granting Petitioner's Motion to Modify or Amend Respondent (Dkt. 9).

REPORT AND RECOMMENDATION - 1

## BACKGROUND

Petitioner is in custody under a state court judgment and sentence imposed for his conviction by jury trial of one count residential burglary with sexual motivation and one count of indecent liberties with forcible compulsion. Dkt. 8, Exhibit 1, 3. Petitioner was sentenced on May 15, 2019 to a determinate term of 38 months for the burglary conviction and an indeterminate term of 84 months for the indecent liberties conviction. *Id.*

On May 31, 2019, Petitioner, through counsel, filed a direct appeal in the Washington Court of Appeals. Dkt. 8, Exhibit 4, 5. Petitioner's direct appeal is still currently pending in state court. Dkt. 8, Exhibit 4. On January 10, 2020, Petitioner filed a *pro se* Personal Restraint Petition ("PRP"). Dkt. 8, Exhibit 4, 6. On January 17, 2020, the Washington Court of Appeal consolidated the PRP with Petitioner's direct appeal. Dkt. 8, Exhibit 4, 6.

Petitioner filed this Petition in December 2019.[1] Dkt. 1, 3. Petitioner raises four grounds for relief all based on his claim he is unlawfully detained, and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 3. On February 19, 2020, Respondent filed an Answer, wherein he asserts Petitioner has not properly exhausted his available state court remedies. Dkt. 7. Respondent maintains the Petition should be denied without prejudice for failure to exhaust state remedies. Dkt. 7. Petitioner filed a Traverse. Dkt. 10. Respondent filed a Reply. Dkt. 11.

---

[1] Under the prison "mailbox rule," a petition is deemed filed for purposes of AEDPA's statute of limitations the moment it is delivered to prison authorities for forwarding to the clerk of the district court. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 n. 2 (9th Cir. 2001). Here, the Petition was signed on October 31, 2019, Dkt. 3 at 15, but it is not clear when when Petitioner submitted the Petition to prison authorities for filing. *See id.*

**DISCUSSION**

**I.      Proper Respondent**

In his Petition, Petitioner named the State of Washington as Respondent. Dkt. 3. In the Answer, Respondent moves, in part, to dismiss the Petition with leave to amend for lack of personal jurisdiction unless Petitioner amends the caption of his petition within 21 days. Dkt. 7. Petitioner then filed a Motion to Modify or Amend Respondent seeking to change the Respondent to Jeffrey Uttecht, the Superintendent of the Coyote Ridge Correctional Center ("CRCC"). Dkt. 9.

The proper respondent to a habeas petition is the "person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243; *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). Accordingly, the Court recommends granting Petitioner's Motion to Modify or Amend Respondent (Dkt. 9) and substituting Jeffrey A. Uttecht as the Respondent in this action. The Court recommends the Petition not be dismissed based on a lack of personal jurisdiction.[2]

**II.     Exhaustion**

Respondent also argues Petitioner has failed to exhaust his state court remedies. Dkt. 7. "[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state

---

[2] Respondent does not challenge service of the Petition based on the lack of personal jurisdiction, therefore, the Court finds an amended service order is not necessary. *See* Dkt. 7. Moreover, in his Reply, Respondent appears to concede this argument based on the filing of Petitioner's Motion to Modify or Amend Respondent. *See* Dkt. 11.

courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Here, Petitioner challenges his 2019 judgment and sentence and is still pursuing his direct appeal in state court. Dkts. 7, 8 at Exhibits 1, 2, 3, 4, 5, 6. As Petitioner's direct appeal is still pending, the state courts have not had a full opportunity to resolve any constitutional issues.[3] The Court also notes the state court may resolve Petitioner's direct appeal in his favor, which could moot this Petition. Moreover, because Petitioner's direct appeal is still pending, the time for filing a state court collateral challenge has not expired. *See* RCW § 10.73.090. Therefore, the Court finds Petitioner has not exhausted the state court remedies available to him.[4]

In the Petition, Petitioner contends it is not appropriate for him to exhaust his state remedies because the federal district court has original jurisdiction. *See* Dkt. 3 at 6, 7, 9, 10, 11, 12. The Court may consider an unexhausted federal habeas petition if it appears "there is an absence of available State corrective process . . . or circumstances exist which render such process ineffective to protect the rights of the applicant." 28 U.S.C. 2254(b)(1)(B). However, Petitioner has not shown there is an absence of available state corrective processes or that circumstances exist rendering any state process ineffective. Rather, Petitioner appears to disagree with the exhaustion requirement and the state court's jurisdictional authority. Accordingly, the Court finds Petitioner has not shown there are no state court remedies available to him.

---

[3] Respondent does not argue the Petition is a mixed petition. *See* Dkt. 11.

[4] Respondent does not address whether federal intervention with Petitioner's pending state criminal proceedings would be inappropriate under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate if (1) the proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise federal questions. *Dubinka v. Judges of the Superior Ct.*, 23 F.3d 218, 223 (9th Cir. 1994); *Trammell v. Warden*, 2009 WL 2407665 (C.D. Cal. July 31, 2009) (finding abstention was required when a petitioner's direct appeal was still pending). Thus, the Court declines to make a determination on the *Younger* abstention issue at this time.

Because the state courts have not yet had a full and fair opportunity to consider the merits of Petitioner's claims, the claims are unexhausted and therefore ineligible for federal habeas review. *See Schwartzmiller v. Gardner*, 752 F.2d 1341, 1349 (9th Cir. 1984) ("The exhaustion of state remedies doctrine limits the issues a habeas corpus petitioner may raise in federal court to the 'same claims' that are 'fairly' presented to the highest state court."). Accordingly, the undersigned recommends the Petition be dismissed without prejudice. *See Watson v. Lampert*, 27 Fed. Appx. 824 (9th Cir. 2001) (affirming the district court's decision to dismiss the petition without prejudice for failure to exhaust when the petitioner's direct appeal was pending at the time he filed his § 2254 petition).

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, the Petition may be resolved on the existing state court record.

**CERTIFICATE OF APPEALABILITY**

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

**CONCLUSION**

The Court recommends granting Petitioner's Motion to Modify or Amend Respondent (Dkt. 9) and substituting Jeffrey A. Uttecht as the Respondent in this action. The Court recommends the Petition be dismissed without prejudice for failure to exhaust available remedies in state court. No evidentiary hearing is necessary, and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May 8, 2020 as noted in the caption.

Dated this 15th day of April, 2020.

David W. Christel
United States Magistrate Judge